UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 13 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Habtamu Daniel, )
 )
 Plaintiff, )
 )
 v. ) Civil Action No.
 )
Northern Virginia Community College ) 10 0776
Financial Officer and Police Officer, )
 )
 Defendants. )

MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed without prepayment of fees. The application will be granted and the complaint will be dismissed for lack of jurisdiction.

In his one-page complaint, the plaintiff obliquely refers to what appears to be a prior dispute over financial aid to attend the Northern Virginia Community College, states that he was "told by [another] court not to call or write the college as part of [his] probation," and asks this court "to refund the financial aid that this lady took," in the amount of $866. Compl. at 1. In addition, he alleges that the college financial aid officer called the "police," who beat him and sent him to jail, and he asks this court to bring to justice the "police officer" who "prevented [him] from going to school and trying to ruin[ his] luck." *Id.*

Unlike state courts of general jurisdiction, federal district courts have limited jurisdiction. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Here, the complaint appears to arise from alleged wrong-doing by the college's financial aid and some kind of public or private "police officer." It is not clear from the complaint whether the officer mentioned in the complaint was

acting under color of state law. If he was not acting under color of state law, then the complaint does not appear to allege any violation of the Constitution, laws or treaties of the United States. If, however, the officer was acting under color of state law, then the complaint alleges a violation of federal law, but is lodged in the wrong district and will be dismissed for improper venue. *See* 28 U.S.C. § 1391(b).

A federal district court also has jurisdiction over civil actions in matters where the controversy exceeds $75,000 and where there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Here, although it appears that the plaintiff and unnamed defendants appear to be citizens of different states, the plaintiff has alleged only $866 as an amount in controversy.

Accordingly, the Court will dismiss the complaint, without prejudice, because it does not establish that this Court has subject matter jurisdiction or that venue in this Court is proper. A separate order accompanies this memorandum opinion.

Date: April 23, 2010

United States District Judge